The Honorable Don McSpadden Prosecuting Attorney Sixteenth Judicial District P.O. Box 2051 Batesville, Arkansas 72503
Dear Mr. McSpadden:
This is in response to your request for an opinion on the following question:
 Does a County Quorum Court have authority to levy County general millage not to exceed five mills, without that levy being subject to referendum?
It is my opinion that the answer to this question is "no". Please note that I have enclosed a copy of Attorney General Opinion Number 88-317 wherein it was concluded that electors of cities of the second class may, as a general matter, reduce by referendum the rate of a tax levied for general purposes by the constituted authority of the city.
A similar conclusion must, in my opinion, be reached with regard to the county general millage. Amendment 7 to the Arkansas Constitution states in pertinent part under the "Local Petitions" section that "[t]he initiative and referendum powers of the people are hereby further reserved to the local voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties. . . ." In recognition of this constitutional provision, A.C.A. § 14-14-904 (pertaining to county legislative procedures), states under subsection(n) that "[a]ll ordinances shall be subject to initiative and referendum as provided for through Arkansas Constitution, Amendment 7."See also A.C.A. § 14-14-905(f)(2). This provision must, in my opinion, be construed to include the ordinance levying the county general millage.
Thus, in response to your question, the quorum court does not have the authority to levy the general millage without that levy being subject to referendum.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
Winston Bryant Attorney General